# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. CV 18-6480-DOC (RAOx)                    Date:  October 19, 2018

Title: CARLA JIMENEZ V. CHARTER COMMUNICATIONS INC. ET AL

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

| Deborah Lewman | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):   ORDER DENYING PLAINTIFF'S MOTION TO REMAND [26]**

Before the Court is Plaintiff Carla Jimenez's ("Plaintiff") Motion to Remand ("Motion") (Dkt. 26). The Court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having reviewed the moving papers and considered the parties' arguments, the Court DENIES the Motion.

## I.     Background

### A.     Facts

The Court adopts the facts as set out in Plaintiff's Complaint ("Compl.") (Dkt. 1-1). Plaintiff is a resident of California who pays for residential internet services from Defendants Charter Communications, Inc. ("Charter") and Spectrum Management Holding Company LLC ("Spectrum" and collectively, "Defendants"). Compl. ¶ 3.

Defendants advertise and sell internet services based on the speeds consumers can expect to achieve. *Id*. ¶ 9. Defendants promise that consumers can obtain high internet speeds as advertised, but know they cannot deliver on their promises based on

insufficient infrastructure, the modems and routers provided to consumers, and the overcrowding of their network. *Id*. ¶ 10. Some of the false and misleading advertisements and related statements include that Defendants provide "blazing-fast internet speed – starting at 100 [megabits per second]"and "enough bandwidth to keep everyone in your home connected." *Id*. ¶ 11.

Defendants intentionally do not disclose that only a limited subset of consumers who use wired connections under specific conditions will ever reliably achieve the advertised speeds and that their wireless services are functionally incapable of providing the speeds in a typical internet usage environment. *Id*. ¶ 14.

Plaintiff pays for an "Extreme" service plan, an "Ultimate 200 Upgrade," and a modem. *Id*. ¶ 3. Plaintiff has never achieved at or near the advertised speed she pays for. *Id*. ¶ 17. Plaintiff relied on Defendants' advertisements and related statements concerning the speed, functionality, and reliability of the internet service. *Id*. ¶ 3.

## B.     Procedural History

On June 19, 2018, Plaintiff filed the Complaint in the California Superior Court, County of Los Angeles, on behalf of herself and a putative class comprising all consumers in California who paid for Defendants' residential internet services within four years from the date the action was filed. *See* Compl. ¶ 18. Plaintiff brings five state-law claims: (1) fraud and misrepresentation; (2) violation of False Advertising Law, Cal. Bus. & Prof. Code § 17500 *et seq*.; (3) violation of the Consumers Legal Remedies Act, Cal. Civ. Code § 1750 *et seq*.; (4) violation of Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq*.; and (5) declaratory and injunctive relief. *Id*. ¶¶ 29–64.

On July 27, 2018, Defendants filed the Notice of Removal (Dkt. 1) pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). On August 9, 2018, Plaintiff filed the present Motion to remand. On August 31, 2018, Defendants opposed ("Opp'n") (Dkt. 29). On September 10, 2018, Plaintiff replied ("Reply") (Dkt. 30).

## II.    Legal Standard

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal of a case from state court to federal court is governed by 28 U.S.C. § 1441, which provides in pertinent part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of

the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. A federal court may order remand for lack of subject matter jurisdiction or any defect in the removal procedure. 28 U.S.C. § 1447(c).

CAFA applies to class action lawsuits in which the proposed class has at least 100 members and the primary defendants are not a "States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief." § 1332(d)(5). A federal district court has original jurisdiction over such class actions if the amount in controversy exceeds $5,000,000 and any plaintiff is diverse from any defendant. § 1332(d)(2), (5); *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007). Under CAFA, "the burden of establishing removal jurisdiction remains . . . on the proponent of federal jurisdiction." *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006).

By statute, there are two sets of circumstances under which a district court must decline to exercise jurisdiction over a class action it has CAFA jurisdiction over: the "local controversy" and "home-state controversy" exceptions. *See* § 1332(d)(3)–(4). Once it is established that a court has jurisdiction under CAFA, "the objecting party bears the burden of proof as to the applicability of any express statutory exception . . . ." *Serrano*, 478 F.3d at 1024.

Usually, to protect the jurisdiction of state courts, removal jurisdiction should be strictly construed in favor of remand. *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005) (citing *Shamrock Oil & Gas Corp. v. Sheet*, 313 U.S. 100, 108–09 (1941)). However, "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014); *see also* S. Rep. No. 109-14, p. 43 (2005) (noting CAFA's "provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.").

## III.    Discussion

Plaintiff moves to remand this case to state court on the theory that Defendants failed to meet their removal pleading burden by failing to plead any facts showing minimal diversity of citizenship. Mot. at 1. Plaintiff does not argue that there is no minimal diversity of citizenship in this case. The parties do not appear dispute that Defendants are alleged to be citizens of Connecticut and Delaware. *See* Mot. at 4, 7. And nowhere in the Motion or Reply does Plaintiff state that she is not in fact a citizen of

California or that all putative class members are not citizens of California. Rather, Plaintiff argues that the Court should remand this case because Defendants improperly relied on Plaintiff's admission that she is a California resident as prima facie evidence of domicile in the removal papers and is "forc[ing] Plaintiff to disprove the existence of CAFA jurisdiction" where Defendant has the removal pleading burden. *Id*. at 5–6.

Defendants argue that the Court should deny the Motion because there is sufficient diversity of citizenship based on the allegations of the Complaint. Opp'n at 1. Plaintiff alleges that she is a resident of California and brings the action on behalf of herself and consumers in California who purchased Defendants' residential Internet services, and according to Defendants these facts alone demonstrate diversity of citizenship. *Id*. Defendants argue that even if the Court determined that these allegations alone were not sufficient to establish diversity of citizenship, evidence submitted in support of the Opposition demonstrates that Plaintiff is indeed a citizen of California. *Id*. at 11–13.

CAFA permits defendants to remove class actions to federal court if they meet three requirements: there must be minimal diversity of citizenship between the parties; the proposed class must have at least 100 members; and the aggregated amount in controversy must equal or exceed the sum or value of $5 million. *Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1182 (9th Cir. 2015) (citing 28 U.S.C. § 1332(d)). Under CAFA, complete diversity is not required; minimal diversity suffices. *Serrano*, 478 F.3d at 1021. To establish citizenship for minimal diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). "[N]umerous courts treat a person's residence as prima facie evidence of the person's domicile." *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 886 (9th Cir. 2013) (citing *Anderson v. Watts*, 138 U.S. 694, 706 (1891)).

The parties do not dispute whether the proposed class has at least 100 members or whether the aggregated amount in controversy exceeds $5 million. *See* Mot. at 7–8. The parties also do not appear dispute that Defendants are alleged to be citizens of Connecticut and Delaware. *See* Mot. at 4, 7. Thus the question before the Court is whether any plaintiff class member is a citizen of a state different from Connecticut and Delaware.

In the Notice of Removal, Defendants reference admissions in the Complaint. *See generally* Notice of Removal. Plaintiff admits in her Complaint that she is a resident of California. Compl. ¶ 3. Plaintiff brings the putative class action on behalf of herself and

"similarly situated consumers in California[.]" *Id*. ¶ 1. Plaintiff alleges that Defendants' business is "focused on, among other things, providing Internet services to consumers in California." *Id*. ¶ 7. The proposed class is defined as "all individual consumers in California who purchased Defendants' residential internet services[.]" *Id*. ¶ 20.

As the Ninth Circuit has recognized, "numerous courts treat a person's residence as prima facie evidence of the person's domicile." *Mondragon*, 736 F.3d at 886; *see also Lopez v. Nationstar Mortg. LLC*, No. CV1503288MWFAJWX, 2015 WL 6478263, at *2 (C.D. Cal. Oct. 26, 2015) ("Plaintiff alleges in the FAC that his primary place of residence is in Diamond Bar, California. In the absence of evidence to the contrary, Plaintiff is considered a citizen of California for federal diversity purposes."). The Court adopts this position where, as here, Plaintiff has admitted she is a California resident and is bringing claims on behalf of a putative class of California consumers. In the absence of evidence to the contrary, Plaintiff is considered a citizen of California for federal diversity purposes. Accordingly, based on Plaintiff's own admissions, Defendants properly removed the class action under CAFA.

## IV.     Disposition

For the reasons set forth above, the Court DENIES Plaintiff's Motion to Remand.

The Clerk shall serve this minute order on the parties.